UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

---

INTERNATIONAL BROTHERHOOD of
ELECTRICAL WORKERS (IBEW), LOCAL 58,
by and on behalf of itself and its members,

            Case No. 2:22-cv-12245-MAG-JJCG
    Plaintiff,      Hon.  Mark Goldsmith

vs.

POWER HOME SOLAR, LLC., doing business as
PINK ENERGY,

      Defendant.
_____/

**MILLER COHEN, P.L.C.**
Richard G. Mack, Jr. (P 58657)
Ryan A Paree (P80345)
Attorneys for Plaintiffs
7700 Second Ave, Ste 335,
Detroit, Michigan  48202
(313) 964-4454
_____/

## MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE AND PRELIMINARY INJUNCTION

  I hereby certify that I contacted counsel for Defendant, to advise him/her that Plaintiff would seek a temporary restraining order and to show cause on the afternoon of Thursday, September 22, 2022. Plaintiff's pleadings were also sent to Defense counsel via electronic mail.

  _/s/Richard G. Mack Jr._
  Richard G. Mack, Jr.

1

NOW COMES Plaintiff International Brotherhood of Electrical Workers, Local 58 ("Union", "Plaintiff" or "IBEW") by and through its attorneys, Miller Cohen, P.L.C., with this Motion for a Temporary Restraining Order, Order to Show Cause and for a Preliminary Injunction, filed pursuant to FRCP, Rule 65. For its Motion, Plaintiff states the following:

For its Motion, Plaintiff relies upon the attached brief and Verified Complaint.

WHEREFORE Plaintiff requests the following:

1. That while this litigation is proceeding, this Court enter a temporary restraining order under FED. R. CIV. P, Rule 65 freezing monies within Defendant Power Home Solar's financial accounts, such as bank accounts, stocks, bonds, and all other liquid thing of value totaling $1,200,000 in value ("Frozen Assets"), mandating that Defendant Power Home Solar, and all agents, directors, executives, employees, representatives, officials and those acting on its behalf, refrain from selling, liquidating, removing, trading, attaching, promising or otherwise accessing any and all such Frozen Assets of Power Home Solar, except through legal process under the control and scrutiny of this Honorable Court and until further order of this Court;

2. That while this litigation is proceeding, this Court enter a temporary restraining order under FED. R. CIV. P, 65 mandating that Defendant Power Home Solar, and all agents, directors, executives, employees, representatives, officials and those acting on its behalf, refrain from any distribution, transfer, encumbering, loaning, gifting or other

movement of any of its assets, finances, or other things of value, beyond the ordinary course of business, until further Order of this Court.

3. That while this litigation is proceeding, this Court enter a temporary restraining order under FED. R. CIV. P, Rule 65 mandating that Defendant Power Home Solar, and all agents, directors, executives, employees, representatives, officials and those acting on its behalf, maintain the status quo ante, or the conditions which existed immediately prior to the filing of this instant cause of action, until further order of this Court;

4. That while this litigation is proceeding, this Court enter a preliminary injunction requiring Defendant to provide Plaintiff an immediate accounting of all of Defendant's assets and property, including but not limited to: any financial assets, including but not limited to bank accounts, investments, and accounts receivables; personal property including but not limited to office equipment, computers, and vehicles; materials and supplies such as might be used or provided for construction, installation, maintenance, or repair; and real property. The accounting should include specifics as to where the property is located and whether there are any liens on the property. Such an accounting should be provided on a monthly basis beginning March 1st, 2022, and be continuing for as long as this litigation is pending.

5. That while this litigation is proceeding, this Court enter a preliminary restraining order requiring Defendant to track, maintain, and provide information and

records to Plaintiff regarding any and all transfers of any of Defendant's property, including information regarding the names and contact information of the parties to the transfer, and whether said property is money, financial in nature, personal property, real property, or otherwise. Said accounting should state the nature of the transfer, the property transferred and/or received, and the parties to the transfer. This accounting should be for any transfers beginning with March 1, 2022, and Defendant should be required to provide a monthly update going forward of any and all transfers of any property.

6. That this Court issue an Order to Show Cause to Power Home Solar as to why it should not be preliminarily enjoined as requested in the paragraphs herein, until the ruling on the merits of Plaintiff's claims as raised in its Verified Complaint or until further order of this Court;

7. That this Court grant Plaintiff's motion for preliminary injunction, wherein the Frozen Assets amounting to $1,200,000 be placed into an interest bearing escrow account, under the control of this Court, and frozen in such account until further order of this Court such that no person or entity may access, move, encumber, promise or commit such Frozen Assets, without express written Order of this Court; and

8. That this Court grant Plaintiff's motion for preliminary injunction wherein this Court establishes an expedited litigation schedule for the litigation of the claims raised in Plaintiff's Complaint, such that this Court will hear the merits of the claims within Plaintiff's Complaint as soon as practicable.

Respectfully Submitted,

**MILLER COHEN, P.L.C.**

By:   /s/Richard G. Mack Jr.
      Richard G. Mack, Jr. (P 58657)
      Ryan Paree (P80345)
      *Attorneys for Plaintiffs*
      7700 Second Ave, Ste 335
      Detroit, Michigan 48202
      313-964-4454
      richardmack@millercohen.com
      rparee@millercohen.com

Dated: September 22, 2022

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

INTERNATIONAL BROTHERHOOD of
ELECTRICAL WORKERS (IBEW), LOCAL 58,
by and on behalf of itself and its members,

Case No.
Hon.

Plaintiff,

vs.

POWER HOME SOLAR, LLC., doing business as
PINK ENERGY,

Defendant.
_____/

**MILLER COHEN, P.L.C.**
Richard G. Mack, Jr. (P 58657)
Ryan A Paree (P80345)
Attorneys for Plaintiffs
7700 Second Ave, Ste 335,
Detroit, Michigan 48202
(313) 964-4454
_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE AND PRELIMINARY INJUNCTION**

i

## **TABLE OF CONTENTS**

**PAGE**

INDEX OF AUTHORITIES ................................................................................... ii

I. INTRODUCTION ........................................................................................1

II. ARGUMENT ................................................................................................1

    A. Standard for Temporary Restraining Order and Preliminary Injunction ...........................................................................................1

    B. Plaintiff Should Receive Injunctive Relief ...............................................1

        1. Plaintiff has a likelihood of success for the WARN Act claim ..............1

        2. Plaintiff and its members will suffer irreparable harm without an injunction ...............................................................................................4

        3. The balance of the harms favors the Plaintiff and its members ............6

        4. Public interest favors granting the injunction .......................................7

III. Conclusion ....................................................................................................8

# INDEX OF AUTHORITIES

**CASES**  **PAGE(S)**

*Abrahamson v. Jones,*
   2016 US Dist. LEXIS 92139 (SD Ohio)..................................................................3

*Bledsoe v. Emery Worldwide Airlines, Inc,*
   635 F.3d 836, 843 (6th Cir 2011)..........................................................................4

*Bledsoe v. Emery Worldwide Airlines, Inc,*
   258 F.Supp. 2d 780, 793 (SD Ohio, 2003) ............................................................4

*Concheck v. Barcroft,*
   2010 US Dist. LEXIS 110325 (SD Ohio)..............................................................3

*Grupo Mexicano De Desarrollo v. Alliance Bond Fund,*
   527 U.S. 308 (1999)................................................................................................3

*Hinckley v. Kelsey-Hayes Company,*
   866 F.Supp. 1034 (E.D.Mich. 1994).......................................................................1

*Parsley v. Kunja Knitting Mills, Inc.,*
   1991 U.S. Dist. LEXIS 20404 (S. Carolina D.C., 1991).............................. 4, 5, 6

*Trustees of Sheet Metal Workers' Local Union NO. 80 Pension Trust Fund v. Winchester Land, LLC,*
   722 F.Supp. 2d 826, 828 (ED Mich. 2010)............................................................3

**STATUTES**

Fed. R. Civ. P., Rule 65.................................................................................. 16

## I. INTRODUCTION

For its Introduction and Statement of Facts, Plaintiff relies upon the Introduction and Statement Of Facts of the Verified Complaint, and such is incorporated into this Brief.

## II. ARGUMENT

### A. Standard for Temporary Restraining Order And Preliminary Injunction

In this matter, Plaintiff seeks injunctive relief against Defendant, pursuant to Fed. R. Civ. P., Rule 65. In order to succeed on a motion for a temporary restraining order, Plaintiff must show the following: (1) Plaintiff will suffer irreparable harm without the injunction because no adequate remedy at law exists, (2) the Plaintiff has some likelihood of success on the merits, (3) the irreparable harm the Plaintiff will suffer without the injunction is outweighed by the harm Defendant would suffer with the injunction being issued, and (4) whether the interests of the public would be served with the injunction. *Hinckley v. Kelsey-Hayes Company*, 866 F.Supp. 1034 (E.D.Mich. 1994). As discussed below, Plaintiff meets all of the requirements.

### B. Plaintiffs Should Receive Injunctive Relief

#### 1. Plaintiff has a likelihood of success for the WARN Act claim

The Plaintiff alleges, in this cause of action, that Defendant has violated the WARN Act by failing to grant requisite sixty (60) day notice to the members of the Plaintiff IBEW union, who worked at the Power Home Solar - Chesterfield, Michigan branch. The attached Verified Complaint outlines that members of the Plaintiff IBEW Union were

1

denied the sixty (60) days' notice of the plant closing, pursuant to the WARN Act, specifically 29 USC § 2102(a).

The Defendant Power Home Solar, LLC (PHS) is an Employer which employs more than 100 Employees. The Blog statement of PHS CEO Jayson Waller announced that it was laying off 500 people on Friday September 9th, but that even with the layoffs it still had 1000 Employees. (Complaint ¶ 11)(Exhibit 2 to Verified Complaint) As such, Immediately prior to the September 9th layoffs, PHS employed 1500 persons. As such, PHS satisfied the requirements of being an "employer" under the WARN Act. 29 USC § 2101(a)(1).

Additionally, PHS's Chesterfield branch had greater than fifty (50) people. As alleged in the Verified Complaint (Complaint, ¶¶ 2, 20) and based upon PHS records, there were approximately sixty-four (64) Employees at the Chesterfield branch immediately prior to the September 9th closing. Thus, the Chesterfield terminations constituted a "plant closing" under the WARN Act. 29 USC § 2101(a)(2).

The Plaintiff IBEW never received the requisite written notice of the plant closing (Complaint ¶¶ 33), as required by the WARN Act. 29 USC § 2102(a)(1) Moreover, Employees learned of the September 9th plant closure between September 9th and September 11th. (Complaint, ¶¶ 32-34) Thus, Plaintiff and its members were denied the requisite sixty (60) day notice of a plant closure called for under the WARN Act. 29 USC § 2102(a)

The Defendant may cite to the ***Grupo Mexicano De Desarrollo v. Alliance Bond Fund***, 527 U.S. 308 (1999) decision, where the Supreme Court limited the availability of preliminary injunctions to freeze assets under the Federal Rules of Civil Procedure 65. The Supreme Court stated that "before judgment (or its equivalent) an unsecured creditor has no rights at law or in equity in the property of his debtor." Id. at 330. However, ***Grupo*** left several exceptions to this rule, including cases in equity (Id., 325), cases in which a creditor has a secured interest in the property or a valid claim to specific property, and fraud cases in states which have adopted the Uniform Fraudulent Conveyance Act (or its successor, the Uniform Fraudulent Transfer Act). Several of these exceptions will be applicable to the current case.

Since ***Grupo***, several courts have further acknowledged that injunctive relief to protect a future damages award are allowed if the Plaintiff seeks **equitable** – as opposed to **legal** – relief. See: ***Abrahamson v. Jones***, 2016 US Dist. LEXIS 92139 (SD Ohio), ***Concheck v. Barcroft***, 2010 US Dist. LEXIS 110325 (SD Ohio). In such cases, Plaintiffs can be successful if they can demonstrate a "clear and close nexus to the assets sought to be enjoined." ***Trustees of Sheet Metal Workers' Local Union NO. 80 Pension Trust Fund v. Winchester Land, LLC***, 722 F.Supp. 2d 826, 828 (ED Mich. 2010); ***Abrahamson v. Jones***, at 19. Courts often times find that, where the defendant holds assets of the plaintiff, the defendant will not suffer any loss of revenue. This is true even if the assets in question are money. Id. at 21.

3

The Sixth Circuit has clarified that actions brought under the WARN Act are seeking wages and compensation as **equitable** – not **legal** – relief. "We are persuaded that the statutory remedies available to aggrieved employees provide **equitable** restitutionary relief ..." ***Bledsoe v. Emery Worldwide Airlines, Inc.***, 635 F.3d 836, 843 (6th Cir 2011) (**emphasis** added) The damages available to employees aggrieved under the WARN Act are comparable to a breach of fiduciary duty, "the fiduciary duty being that of an employer to safeguard the welfare of its employees by giving them... renumeration for the number of working days for which is should have given advance notice." ***Bledsoe v. Emery Worldwide Airlines***, 258 F.Supp. 2d 780, 793 (SD Ohio, 2003). The Sixth Circuit has held that injunctions requiring a bi-weekly accounting can be reasonable where there is a substantial risk of assets being converted before the plaintiff can be made whole. ***Sentinel Trust Co. v. Namer***, 1998 US App. LEXIS 31170, at 9 (6th Cir. App. 1998).

As such, Plaintiff is entitled to seek injunctive relief to freeze the assets of PHS and for an accounting, pending the outcome of the instant Complaint. And Plaintiff has a likelihood of success on the merits that its members were entitled to relief under the WARN Act.

### 2. Plaintiff and its members will suffer irreparable harm without an injunction

In ***Parsley v. Kunja Knitting Mills, Inc.,*** 1991 U.S. Dist. LEXIS 20404 (S. Carolina D.C., 1991), employees for an employer sued for being denied the requisite sixty (60) day

4

notice of a plant closing. The plaintiffs sought a motion for a temporary restraining order, under Fed. R. Civ. P., Rule 65(a), specifically seeking to prohibit the employer from dissipating the assets prior to the resolution of the WARN Act complaint. (Id., 1-2) The plaintiffs argued that they would face irreparable harm if the employer's assert were not frozen. The Plaintiffs in the instant matter seek the same injunctive relief.

In the *Parsley* case, the plant was closed on March 8, 1991, without any prior written notice. The request for a temporary restraining order was sought by plaintiffs on April 16, 1991. In requesting the TRO, the plaintiffs sought "to prohibit dissipation or alienation of assets [of the employer] until a ruling on the merits of this action, [in order] to ensure that there is some asset base available from which to satisfy any judgment recovered in this action." (Id., 4-5)

The *Parsley* court first acknowledged that the WARN Act does not prohibit injunctive relief. (Id., at 5) While Section 2104(b) prohibits a federal court from enjoining a plant closing or mass layoff, Parsley held that the WARN Act does not prohibit "injunctive relief designed to protect a future damages award under the Act." (Id.) The court next addressed irreparable harm. There, both sides agreed that the inability to satisfy a financial award would indeed constitute irreparable harm. (Id., 17-18)

Indeed, the essence of being "irreparably harmed" is that the harm to the plaintiff is beyond repair. If there is no ability to satisfy an ultimate award for the plaintiff due to lack of funds, then the plaintiff's harm is not being repaired.

In the *Parsley* case, the employer was in the process of "winding up its affairs" and negotiating a settlement with a major creditor. (Id., at 18) Therefore, freezing of the assets before they were all "wound up" made sense. The court pointed to the fact that "equipment has been packed for shipping and that some items have been removed from the Mullins facility." (Id., 18-19)

In the instant case, PHS is also obviously winding up its affairs. The company has endured many months of a steep financial decline. (Complaint, ¶¶ 47-68) During the same period, PHS faced bruising damage to its reputation. (Complaint, ¶¶ 42-46) In the end, PHS was forced to completely close its doors and terminate all employees, as of September 21, 2022. (Complaint, Exhibit 1) Thus, PHS is winding up its affairs and foregoing any new revenue from solar panel sales. PHS is selling equipment that was housed in the Chesterfield branch (Complaint ¶ 61), similar to the equipment being moved in *Parsley*. Defendnat will not be motivated to keep careful records without a court order requiring them to do so, and so any information regarding assets wrongfully transferred may be lost forever. As such, it is a virtual certainly that the relief sought in Plaintiff's Complaint would not be satisfied, as was the case in the *Parsley* opinion.

### 3. The balance of the harms favors the Plaintiff and its members

In this case, the Plaintiff is not seeking extreme injunctive relief, to freeze all assets of the Defendant PHS. Instead, it is merely seeking sufficient assets to satisfy the ultimate

6

award in the instant Complaint. Defendant, if it loses the merits of the Complaint, would only be harmed with this injunction by being forced to preserve enough assets to satisfy its legal obligations. If Plaintiff's WARN Act claim is not successful, then PHS would have merely been required to maintain the frozen money in an interest-bearing account for the length of time that the expedited litigation took place. It would be refunded the money, with interest. Defendant cannot claim that the frozen assets will interfere with their business operations, as the operations have ceased.

Instead, if the injunction were not to issue, and the Plaintiff is successful with the WARN Act claims, then the IBEW members would receive little to no relief. The sorely-needed 60 days of pay would be denied them. For workers who have just lost employment, 60 days is an important safety net to maintain the necessities of life. Thus, the loss would be realized much more without the injunction to the Plaintiff and its members, than the loss to the Defendant with the injunction.

### 4. Public interest favors granting the injunction

In this case, Defendant PHS clearly violated the WARN Act. There is a strong public interest in requiring Employers like PHS to comply with the law. Further, in support of the premise behind the WARN Act, the public interest is present to offer the Plaintiff's members the financial safety net. An injunction in support of that safety net is in line with the strong interest behind the WARN Act itself.

## III. CONCLUSION

WHEREFORE Plaintiffs request the following:

1. That while this litigation is proceeding, this Court enter a temporary restraining order under FED. R. CIV. P, Rule 65 freezing monies within Defendant Power Home Solar's financial accounts, such as bank accounts, stocks, bonds, and all other liquid thing of value totaling $1,200,000 in value ("Frozen Assets"), mandating that Defendant Power Home Solar, and all agents, directors, executives, employees, representatives, officials and those acting on its behalf, refrain from selling, liquidating, removing, trading, attaching, promising or otherwise accessing any and all such Frozen Assets of Power Home Solar, except through legal process under the control and scrutiny of this Honorable Court and until further order of this Court;

2. That while this litigation is proceeding, this Court enter a temporary restraining order under FED. R. CIV. P, 65 mandating that Defendant Power Home Solar, and all agents, directors, executives, employees, representatives, officials and those acting on its behalf, refrain from any distribution, transfer, encumbering, loaning, gifting or other movement of any of its assets, finances, or other things of value, beyond the ordinary course of business, until further Order of this Court.

3. That while this litigation is proceeding, this Court enter a temporary restraining order under FED. R. CIV. P, Rule 65 mandating that Defendant Power Home

8

Solar, and all agents, directors, executives, employees, representatives, officials and those acting on its behalf, maintain the status quo ante, or the conditions which existed immediately prior to the filing of this instant cause of action, until further order of this Court;

4. That while this litigation is proceeding, this Court enter a preliminary injunction requiring Defendant to provide Plaintiff an immediate accounting of all of Defendant's assets and property, including but not limited to: any financial assets, including but not limited to bank accounts, investments, and accounts receivables; personal property including but not limited to office equipment, computers, and vehicles; materials and supplies such as might be used or provided for construction, installation, maintenance, or repair; and real property. The accounting should include specifics as to where the property is located and whether there are any liens on the property. Such an accounting should be provided on a monthly basis beginning March 1st, 2022, and be continuing for as long as this litigation is pending.

5. That while this litigation is proceeding, this Court enter a preliminary restraining order requiring Defendant to track, maintain, and provide information and records to Plaintiff regarding any and all transfers of any of Defendant's property, including information regarding the names and contact information of the parties to the transfer, and whether said property is money, financial in nature, personal property, real property, or otherwise. Said accounting should state the nature of the transfer, the property

9

transferred and/or received, and the parties to the transfer. This accounting should be for any transfers beginning with March 1st, 2022, and Defendant should be required to provide a monthly update going forward of any and all transfers of any property.

6. That this Court issue an Order to Show Cause to Power Home Solar as to why it should not be preliminarily enjoined as requested in the paragraphs herein, until the ruling on the merits of Plaintiff's claims as raised in its Verified Complaint or until further order of this Court;

7. That this Court grant Plaintiff's motion for preliminary injunction, wherein the Frozen Assets amounting to $1,200,000 be placed into an interest bearing escrow account, under the control of this Court, and frozen in such account until further order of this Court such that no person or entity may access, move, encumber, promise or commit such Frozen Assets, without express written Order of this Court; and

8. That this Court grant Plaintiff's motion for preliminary injunction wherein this Court establishes an expedited litigation schedule for the litigation of the claims raised in Plaintiff's Complaint, such that this Court will hear the merits of the claims within Plaintiff's Complaint as soon as practicable.

Respectfully Submitted,

**MILLER COHEN, P.L.C.**

By: /s/Richard G. Mack, Jr.
Richard G. Mack, Jr. (P 58657)
Ryan Paree (P80345)
*Attorneys for Plaintiffs*
7700 Second Ave, Suite 335
Detroit, Michigan 48202
313-964-4454
richardmack@millercohen.com
rparee@millercohen.com

Dated: September 22, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2022, the foregoing document was electronically filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,
MILLER COHEN, P.L.C.

**MILLER COHEN, P.L.C.**

By: /s/Richard G. Mack, Jr.
Richard G. Mack, Jr. (P 58657)
Ryan Paree (P80345)
*Attorneys for Plaintiffs*
7700 Second Ave, Suite 335
Detroit, Michigan 48202
313-964-4454
richardmack@millercohen.com
rparee@millercohen.com

11